

1  DAVID C. ANDERSON, ESQ., State Bar #83146
   LAW OFFICE OF DAVID C. ANDERSON
2  450 Sansome Street, 3rd Floor
   San Francisco, CA 94111
3  Telephone: (415) 788-1588
   Facsimile:  (415) 788-1598
4

5  Attorneys for Plaintiff
   DENISE SALERNO, individually
6  and as Administrator of the
   ESTATE OF ARTHUR ANTHONY SALERNO, JR. (Decedent)
7

8

9             IN THE UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

11 | DENISE SALERNO, individually and as      ) No.
   | Administrator of the ESTATE OF           )
12 | ARTHUR ANTHONY SALERNO, JR.              ) COMPLAINT FOR VIOLATION OF
   | (Decedent),                              ) FEDERAL CIVIL RIGHTS, WRONGFUL
13 |                                          ) DEATH, NEGLIGENCE, AND
   |         Plaintiffs,                      ) VIOLATION OF CALIFORNIA CIVIL
14 |                                          ) CODE § 52.1
   |   vs.                                    )
15 |                                          )
   | COUNTY OF BUTTE, CALIFORNIA;             ) JURY TRIAL DEMANDED
16 | SHERIFF/CORONER PERRY L.                 )
   | RENIFF; STATE OF CALIFORNIA;             )
17 | CALIFORNIA HIGHWAY PATROL;               )
   | CALIFORNIA HIGHWAY PATROL                )
18 | COMMISSIONER MIKE BROWN;                 )
   | SARGENT S. MUDERS, Badge No. 9613,       )
19 | individually and in his official capacity as a )
   | CALIFORNIA HIGHWAY PATROL                )
20 | Officer; OFFICER M.E. ORTIZ, Badge       )
   | No. 16562, individually and in his official )
21 | capacity as a CALIFORNIA HIGHWAY         )
   | PATROL Officer; OFFICER G.               )
22 | CORNWELL, Badge No. 10569,               )
   | individually and in his official capacity as a )
23 | CALIFORNIA HIGHWAY PATROL                )
   | Officer; and DOES 1 through 100,         )
24 | inclusive,                                )
   |                                          )
25 |         Defendants.                      )

26

27                          **JURISDICTION AND VENUE**

28    1.    This action alleges violations of the rights of ARTHUR ANTHONY SALERNO,

JR., deceased, (hereafter the "Decedent") and his sister, DENISE SALERNO ("Plaintiff"). This action arises under Title 42 of the United States Code, section 1983 and pursuant to state law. Jurisdiction is conferred on this court by Title 28 of the United States Code, sections 1331 and 1343. The actions giving rise to Defendants liability alleged in this complaint occurred in an unincorporated area of the County of Butte, which is within the Northern District of California. Venue is therefore proper in this District pursuant to Title 28, United States Code, section 1391(b).

## PARTIES

2. Plaintiff DENISE SALERNO is the sister of the Decedent, his surviving heir at law with standing under California Code of Civil Procedure section 377.60, and the administrator and personal representative of the ESTATE OF ANTHONY ARTHUR SALERNO, JR.

3. Defendant COUNTY OF BUTTE ("COUNTY") is and was at all relevant times a public entity duly organized and existing under the laws of the State of California. The COUNTY operates the Butte County Sheriff's Office under its authority.

4. Defendant SHERIFF/CORONER PERRY L. RENIFF ("RENIFF") is and was at all relevant the Sheriff/Coroner of the COUNTY and a law enforcement Officer of the COUNTY acting within the course and scope of his employment and under the color of state law. He is sued here both in his individual and official capacities. As the Sheriff of BUTTE COUNTY, this Defendant is an official with final policy-making authority regarding the supervision, discipline, and training of law enforcement Officer s (a.k.a. Deputy Sheriffs, Sheriff Sargents, Sheriff Lieutenants, etc.) for the COUNTY.

5. Defendant STATE OF CALIFORNIA ("STATE") is and was at all times relevant a public entity. The STATE operates the CALIFORNIA HIGHWAY PATROL ("CHP") under its authority.

6. Defendant CHP COMMISSIONER MIKE BROWN ("BROWN") is and was at all relevant times the CHP COMMISSIONER and a law enforcement Officer of the CHP acting within the course and scope of his employment, under the color of State law. He is sued herein

both in his individual and official capacities as Commissioner of the CHP. This Defendant is an official with final policy making authority regarding the supervision, discipline, and training of law enforcement Officers (a.k.a. SARGENT S. MUDERS, Badge No. 9613, Officer M.E. ORTIZ, Badge No. 16562, Officer G. CORNWELL, Badge No. 10569) of the CHP.

7. Defendant SARGENT S. MUDERS, Badge No. 9613, ("MUDERS") is and was at all relevant times a law enforcement Officer of the Defendant CHP acting within the course and scope of his employment, under the color of state law, and under the supervision and direction of Defendant BROWN. He is sued both in his individual and official capacities.

8. Defendant Officer M.E. ORTIZ, Badge No. 16562, ("ORTIZ") is and was at all relevant times a law enforcement Officer of the CHP acting within the course and scope of his employment, under the color of state law, and under the supervision and direction of Defendant BROWN. He is sued both in his individual and official capacities.

9. Defendant Officer G. CORNWELL, Badge No. 10569, ("CORNWELL") is and was at all relevant times a law enforcement Officer of the CHP acting within the course and scope of his employment, under the color of state law, and under the supervision and direction of Defendant BROWN. He is sued both in his individual and official capacities.

10. Defendants DOES 1 through 100 are sued herein under fictitious names because their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will seek to amend this complaint by inserting their true names and capacities herein. Plaintiff alleges each DOE is responsible in some manner for the harms herein alleged and that Plaintiff's damages as herein alleged were proximately caused by each of them. Plaintiff further allege that each DOE was, among other things, a police Officer acting under the color of state law. Plaintiff further alleges that each DOE was acting in both his or her individual and official capacities.

11. Plaintiff further alleges that at all times mentioned herein each Defendant, including each DOE, was the agent, servant, and employee of each other Defendant and was acting within the course and scope of such agency, contract, and/or employment.

## STATEMENT OF FACTS

12. On August 31, 2006, at approximately 5:40 a.m., the Decedent was lying on the ground at a campsite near Larkin Road in the Oroville Wildlife Area in Butte County, California.

13. At that approximate time and place, CHP OFFICERS MUDARS, CORNWELL and ORTIZ responded to a dispatch of a disturbance involving a firearm. Said Officers found Decedent lying on the ground, not bothering anyone, saying he was alright, and that he was simply intoxicated. Said Officer Defendants frisked Decedent and did not find any weapons. Said Officer Defendants determined that no other person present had any firearms. Said Officer Defendants concluded that Decedent was intoxicated and placed him under arrest for violation of California Penal Code Section 647(f).

14. ORTIZ put Decedent in his patrol car and began transporting him to BUTTE COUNTY Jail for booking. Decedent was calm, cooperative, and non-combative. Prior to reaching the jail, ORTIZ stopped his patrol car and, together with CORNWELL, physically assaulted Decedent while placing him in leg restraints.

15. The Decedent was then transported to the BUTTE COUNTY Jail, where he was forced into a cell and placed face down on his stomach and chest on the floor. Sheriff's Deputies, whose identities are presently unknown, held Decedent face down, interfered with his breathing, placed their body weight on his head, chest, and/or torso, causing Decedent to asphyxiate, sustain a cardiac arrest, and become comatose.

16. The Decedent never awoke from this comatose "brain dead" state. He ultimately expired on September 2, 2006, at Kaiser Medical Center in Sacramento following transfer from Oroville Hospital. Plaintiff alleges that the Decedent died from heart failure caused by oxygen depravation and asphyxia resulting from Sheriff's Deputies physically and unnecessarily interfering with his breathing while in custoday. Plaintiff further alleges that the aforementioned Defendants, and MUDARS, ORTIZ, and CORNWELL, subjected the Decedent to abusive and excessive force that caused him physical and mental pain, injuries, suffering, and death.

17. Plaintiff timely filed and served a fully complaint tort claim on the COUNTY and STATE pursuant to Government Code sections 910, et seq., which claims were denied.

### STATEMENT OF DAMAGES

18. As a direct and proximate result of the acts of the Defendants, and each of them, DENISE SALERNO sustained damages in an amount yet to be ascertained resulting from the loss of companionship, support, society, comfort, love and services of the Decedent.

19. As a further direct and proximate result of the acts of the Defendants, and each of them, the Decedent sustained damages, including but not limited to fear, terror, pain, suffering, loss of life, loss of future earnings, and the deprivation of his constitutional rights without due process of law.

20. As a further direct and proximate result of the acts of the Defendants, and each of them, DENISE SALERNO has incurred funeral and burial expenses in an amount to be determined according to proof.

21. As a further direct and proximate result of the acts of the Defendants, and each of them, DENISE SALERNO was deprived of her fundamental right to associate with the Decedent, as guaranteed by the First, Ninth, and/or Fourteenth Amendments.

22. The conduct of the individually named Defendants, and each of them, was willful and deliberate, and of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts herein alleged. In doing each and every act and omission alleged, those Defendants, and each of them, acted with gross negligence and/or reckless disregard for the rights of the Plaintiff and the Decedent.

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983)

23. Paragraphs 1 through 22 are incorporated and realleged by reference.

24. In doing the acts complained of herein, Defendants MUDERS, ORTIZ, CORNWELL, and BUTTE COUNTY Sheriff Deputies to be named as DOE Defendants, acted under the color of state law to deprive the Decedent of certain constitutionally protected rights, including but not limited to the following:

1  A. The right not to be deprived of life without substantive due process of
2 law, in violation of the Fourth Amendment; and
3  B. The right to be free from the use of excessive force by police officers, in
4 violation of the Fourth Amendment.
5  25. In doing the acts complained of herein, Defendants MUDERS, ORTIZ,
6 CORNWELL, and BUTTE COUNTY Sheriff Deputies to be named as DOE Defendants, acted
7 under the color of state law to deprive Plaintiff of certain constitutionally protected rights,
8 including, but not limited to, the right not to be deprived of familial relations in violation of the
9 Fourteenth Amendment.
10  WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### (42 U.S.C. § 1983)

13  26. Paragraphs 1 through 25 are incorporated and realleged by reference.
14  27. As against Defendants COUNTY, RENIFF, STATE, CHP, and BROWN,
15 Plaintiff alleges that said Defendants, and each of them, had a duty to employ adequate
16 procedures in the screening, hiring and retention of subordinate officers; to provide proper
17 training after hiring such officers; and to take adequate steps to discipline subordinate officers
18 for violations of departmental policies or state or federal laws.
19  28. Defendants, and each of them, failed to implement proper procedures relating to
20 the supervision, training, and re-training of their officers, including but not limited to
21 Defendants MUDERS, ORTIZ, CORNWELL, and BUTTE COUNTY Sheriff Deputies to be
22 named as DOE Defendants. Specifically, Defendants failed to properly supervise, train and re-
23 train their officers regarding the proper way to detain, arrest, and restrain suspects, appropriate
24 limitations in the use of force, and the dangers and hazards of positional asphyxia.
25  29. Defendants failure to take adequate disciplinary action against Defendants
26 MUDERS, ORTIZ, CORNWELL, and BUTTE COUNTY Sheriff Deputies to be named as
27 DOE Defendants, constituted ratification of the unlawful acts committed by those Defendants.
28  30. As the Sheriff of BUTTE COUNTY, Defendant RENIFF was responsible for the

supervision, hiring, training, and discipline of its officers and the use of force by the BUTTE COUNTY Sheriff's Department. Defendant RENIFF acted in a grossly negligent and/or reckless manning in not properly training his officers or properly defining the BUTTE COUNTY Sheriff's Department use of force policy, RENIFF was deliberately indifferent to the constitutional rights of those with whom his subordinate officers came into contact. These acts and omissions were a direct and proximate cause of the injuries complained of herein.

31. As the Commissioner of the CHP, Defendant BROWN was responsible for the supervision, hiring, training, and discipline of Officers and the use of force by the CHP,. Defendant BROWN acted in a grossly negligent and/or reckless manning in not properly training his officers or properly defining the CHP's use of force policy, BROWN was deliberately indifferent to the constitutional rights of those with whom his subordinate Officers came into contact. These acts and omissions were a direct and proximate cause of the injuries complained of herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

#### (Wrongful Death)

32. Paragraphs 1 through 31 are incorporated and realleged by reference.

33. As against Defendants MUDERS, ORTIZ, CORNWELL, and BUTTE COUNTY Sheriff Deputies to be named as DOE Defendants, plaintiff further alleges that their acts, including the abuse, restraining, and positioning of the Decedent as described above, were done willfully, maliciously and with callous and reckless indifference to and disregard of the Decedent's safety and continued life, and were the direct and proximate cause of his death.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF

#### (Wrongful Death)

34. Paragraphs 1 through 33 are incorporated and realleged by reference.

35. As against Defendants COUNTY, RENIFF, STATE, CHP, and BROWN, Plaintiff further alleges that the actions of Defendants CHP Officers and BUTTE COUNTY

Sheriff's Deputies, and DOES which were the proximate cause of the Decedent's death were preformed pursuant to *de facto* customs and policies of the STATE, CHP, and COUNTY, which customs and policies were directed by BROWN and RENIFF. Said customs and policies were authorized and administered by Defendants STATE, CHP, BROWN, COUNTY, and RENIFF, and were accordingly an equal proximate and direct cause of the Decedent's death.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF

#### (Negligence)

36. Paragraphs 1 through 35 are incorporated and realleged by reference.

37. Defendants MUDERS, ORTIZ, CORNWELL, and BUTTE COUNTY Sheriff Deputies to be named as DOE Defendants, and each of them, owed a duty of reasonable care to the Decedent. In doing the acts alleged above, Defendants breached their duty of reasonable care and, as a proximate result of that breach of duty, the Decedent died.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CLAIM FOR RELIEF

#### (California Civil Code § 52.1)

38. Paragraphs 1 through 37 are incorporated and realleged by reference.

39. Defendants MUDERS, ORTIZ, CORNWELL, and BUTTE COUNTY Sheriff Deputies to be named as DOE Defendants, acting within the course and scope of their employment as law enforcement Officers for the STATE, CHP, and COUNTY, interfered and attempted to interfere with the rights of the Decedent under the Fourth Amendment to the United States Constitution and under Article I, section 13 of the California Constitution by threats, intimidation, and coercion.

40. As a proximate result of the conduct of these Defendants, Plaintiff suffered damages, as described in this complaint, including actual damages within the meaning of California Civil Code section 52.

41. As a proximate result of the conduct of Defendants, Plaintiff is entitled to an award of exemplary damages, civil penalties, and attorneys' fees, as provided by California Civil

1  Code section 52.

2      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

3  **JURY TRIAL**

4      42.    Plaintiff hereby demands a jury trial.

5  **PRAYER FOR RELIEF**

6      WHEREFORE, Plaintiff prays for relief and judgment against Defendants, and each of
7  them, as follows:

8      A.    That this court grant an order requiring Defendants RENIFF and the COUNTY,
9  their agents and employees, and those acting in concert with them, to adopt a program of
10 compliance with the provisions of the Federal Civil Rights Act in order to ensure that all police
11 Officers for the COUNTY utilize that degree of force in their contacts with citizens that is not
12 violative of the United State Constitution.

13     B.    For Plaintiff:

14         1. For general damages, according to proof;
15         2. For special damages, according to proof;
16         3. For pecuniary damages, according to proof;
17         4. For funeral and burial expenses according to proof;
18         5. For punitive damages against the individually-named Defendants;
19         6. For actual damages, civil penalties, and exemplary damages pursuant to
20           California Civil Code section 52;
21         7. For attorneys' fees pursuant to 42 U.S.C. section 1988 and California Civil
22           Code Section 52;
23         8. For costs of suit incurred herein; and

25 ///

27 ///

9. For such other and further relief as the Court may deem just and proper.

Dated: August 20, 2007

LAW OFFICE OF DAVID C. ANDERSON

By: _____
DAVID C. ANDERSON
Attorneys for Plaintiff