1    UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                                              )
                                               )
4         Plaintiff(s),                        )    No. C            MEJ
                                               )
5              v.                              )    ORDER SETTING
                                               )    CASE MANAGEMENT
6                                              )    CONFERENCE.
                                               )
7         Defendant(s).                        )
                                               )
8    _____  )    [ALL CASES]

9

10        IT IS HEREBY ORDERED that,  pursuant to Fed. R. Civ. P. 16 and Civil L. R. 16-10, a Case

11   Management Conference will be held in this case before the Honorable Maria-Elena James on Thursday, _____

12   _____ at 10:00 A.M. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San

13   Francisco, California, 94102.

14        IT IS FURTHER ORDERED that, within 120 days of filing the complaint, and in accordance with

15   Fed. R. Civ. P. 4, Plaintiff(s) shall complete service of the complaint on at least one Defendant and file either a

16   waiver of service or a certification of service of process.  Failure to file the waiver of service or a certification

17   of service may result in issuance by the Court of an Order to Show Cause why the complaint should not be

18   dismissed without prejudice pursuant to Fed. R. Civ. P. 4.

19        IT IS FURTHER ORDERED that Counsel shall meet and confer prior to the Case Management

20   Conference and file, no later than seven days before the Case Management Conference, a Joint Case

21   Management Conference Statement in compliance with Civil L. R. 16-9 addressing the information contained

22   in the Joint Case Management Statement and [proposed] Case Management Order form, enclosed herewith.

23   In addition, the parties must be prepared to knowledgeably discuss with the Court any of the other subjects

24   listed in Fed. R. Civ. P. 16 or in Civil L. R. 16-10.

25        IT IS FURTHER ORDERED that motions for summary judgment shall be accompanied by a joint

26   statement of undisputed facts in compliance with Civil L. R. 56-2(b).

27        IT IS FURTHER ORDERED that seven days prior to the case management conference, each party

28   shall file the consent/declination form, enclosed herewith, consenting to Judge James' jurisdiction or requesting

     reassignment to a district court judge.  In the event that Defendant(s) file a Motion to Dismiss, pursuant to

1  Fed. R. Civ. P. 12, Defendant(s) shall file the consent/request for reassignment form at the time the motion is

2  filed and Plaintiff(s) shall file the consent/request for reassignment form seven days thereafter.

3      **IT IS FURTHER ORDERED that in all "E-Filing" cases, when filing papers that require the**

4  **Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties**

5  **shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by**

6  **the close of the next court day following the day the papers are filed electronically.  These printed**

7  **copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office in an**

8  **envelope clearly marked "Magistrate Judge Maria-Elena James", case number and "E-Filing**

9  **Chambers Copy."  Parties shall not file a paper copy of any document with the Clerk's Office that**

10 **has already been filed electronically.**

11     IT IS FURTHER ORDERED that each attorney of record in all "E-Filing" cases is obligated to

12 become an ECF User as defined in General Order No. 45 and be assigned a user ID and password for

13 access to the system upon designation of the action as being subject to ECF.  Registration shall be on a form

14 prescribed by the Clerk.  Attorneys of record who fail to register timely shall be subject to such sanctions as

15 may be imposed by the Court.

16     IT IS FURTHER ORDERED that Plaintiff(s) shall serve copies of this Order, the Joint Case

17 Management Statement and [proposed] Case Management Order form, the consent/request for reassignment

18 form and the attached Discovery and Dispute Procedures on all parties to this action, and on any parties

19 subsequently joined, in accordance with Fed. R. Civ. P. 4 and 5.  Following service of process on

20 Defendant(s), Plaintiff(s) shall file a certificate of service with the Clerk of this Court.

21     Failure to comply with this Order or the Civil Local Rules of this Court may result in   sanctions,

22 including the dismissal of the complaint or the entry of a default.  Fed. R. Civ. P. 16(f), Civil  L. R. 1-4.

23

24 Date: December 13, 2002          /s/

25                       Maria-Elena James
                         United States Magistrate Judge
26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| | ) | Case No.        MEJ |
| Plaintiff(s), | ) | |
| | ) | JOINT CASE MANAGEMENT |
| vs. | ) | STATEMENT AND [PROPOSED] |
| | ) | CASE MANAGEMENT ORDER. |
| | ) | |
| , | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

The parties to the above-entitled action submit this Joint Case Management Statement and Proposed

Case Management Order and request the Court to adopt it as the Case Management Order in this case,

pursuant to Federal Rule of Civil Procedure 16 and Civil L.R.16-10(b).

**JOINT CASE MANAGEMENT STATEMENT**

i.      Description of the case:  (The parties may attach additional pages to this statement.)

1.      A brief description of the events underlying the action:

_____

_____

_____

_____

_____

_____

2.      The principal factual issues which the parties dispute:

_____

_____

_____

_____

_____

1  _____

2  3.    The principal legal issues which the parties dispute:

3  _____  \_\_\_

4  _____  \_\_\_\_\_

5  _____  _____

6  _____  _____

7  _____  _____

8  _____  _____

9  _____  _____

10  _____

11  4.    Other issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]*

12  which remain unresolved for the reason stated below and the parties' proposed resolution:

13  _____  \_\_\_

14  _____  \_\_\_\_\_

15  _____  _____

16  _____  _____

17  _____

18

19  5.    The parties who have not been served and the reasons for said lack of service:

20  _____  \_\_\_

21  _____  \_\_\_\_\_

22  _____  _____

23  _____  _____

24  _____

25  6.    The additional parties whom the below-specified parties intend to join and the intended

26        time frame for such joinder:

27  _____

28

4

1

2

3

4

5

6

7

8   B.   Consent to Magistrate Judge for Trial:

9   1.   The parties consent to assignment of this case to a United States Magistrate Judge for Trial:    ____

10       Yes    ____    No

11       The consent/request for reassignment form is attached to the back of this sample joint case

12       management statement and order.  The consent/request for reassignment form was received by

13       Defendant with service of process of the complaint.  **Each party shall file the signed form**

14       **consenting to Magistrate Judge James' jurisdiction or requesting reassignment to a district**

15       **court judge no later than the filing deadline for the joint case management statement**

16       **assigned by the initial case management schedule.**

17

18  C.   Alternative Dispute Resolution:

19       The parties have discussed and request the following court ADR process: Nonbinding Arbitration,

20       Early Neutral Evaluation, Mediation, or Early Settlement *[If Nonbinding Arbitration, Early Neutral*

21       *Evaluation or Mediation, state the expected or scheduled date for the ADR session]*:

22       _____

23       _____

24

25

26                        **[PROPOSED] CASE MANAGEMENT ORDER**

27                   *[Counsel shall fill in the stipulated dates for the matters below]*

28       Pursuant to Fed.R.Civ.P. 16, the Court conducted a case management conference on

5

1    _____ and ORDERS as follows:

2

3    A.    ADR Program:

4    1.    The parties are hereby referred to _____ [*ADR selection above*].

5    2.    The parties shall file their ADR certification by the date assigned by the initial case

6          management schedule received from the Clerk of the Court, pursuant to Civil L.R. 16-8.

7

8    B.    Jury or Court Trial:

9    1.    The parties shall designate in **both their pleadings and joint case management**

10   **statement** whether the trial requested is a jury trial or court trial [*designate one below*]:

11         Plaintiff requests a jury trial         _____

12         Defendant requests a jury trial    _____

13         Plaintiff requests a court trial        _____

14         Defendant requests a court trial     _____

15

16   C.    Pretrial Motions:

17   1.    All pretrial motions shall be filed in accordance with Civil L.R. 7.  A motion shall be noticed pursuant

18         to Civil L.R. 7-2 without calling the Court.  Civil law and motion is heard on Thursday mornings at

19         10:00 a.m.

20

21   D.    Discovery:

22   1.    The parties shall abide by Judge James' standing order regarding discovery and dispute procedures.

23

24

25   E.    Disclosure of Expert Witnesses:

26   1.    Any party wishing to present expert witness testimony with respect to a claim or defense shall serve

27         on all other parties the name, address, qualifications, resume, and a written report which complies with

28         Federal Rule of Civil Procedure  26(a)(2)(B) on or before _____ (210 days before trial).

2.    This disclosure must be made with respect to a person who is either (a) specifically retained or specially employed to provide expert testimony pursuant to Federal Rule of Evidence 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

3.    **A party or counsel has a continuing duty to supplement the disclosure of expert witnesses when required under Federal Rule of Civil Procedure 26(e)(1).**

F.    Rebuttal Expert Witnesses:

1.    If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B), no later than _____(200 days before the trial).

G.    Limitation on Testimony by Expert Witnesses:

1.    Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition.  This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition.

2.    Unless application is made prior to the close of expert discovery, each party is limited to calling only one expert witness in each discipline involved in the case.

3.    Any party objecting to the admissibility of the testimony of person disclosed as an expert witness must file a written motion *in limine* to exclude the testimony no later than the deadline set in this order for filing motions *in limine*.

H.    Close of Discovery:

1.    All discovery, including depositions of expert witnesses, must be completed by _____ (185 days before trial).

2.    Pursuant to Federal Rule of Civil Procedure 16(b) and Civil L.R. 26-2, a discovery request or

1    stipulation that calls for responses or depositions after the discovery cut-off date are not enforceable

2    except by order of the Court and upon a showing of good cause.

3    3.    Pursuant to Civil L.R. 26-2, no motions to compel discovery may be filed later than 10 days after the

4    discovery cut-off date.

5

6    I.    Dispositive Motions:

7    1.    Pursuant to Civil L.R. 7-2, all dispositive motions shall be filed, served and noticed by

8    _____ (155 days prior to trial). The parties shall file a joint statement of undisputed facts

9    pursuant to Civil L.R. 56-2(b) when filing a motion for summary judgment or summary adjudication.

10    2.    The Court shall hear dispositive motions on _____ ( 120 prior days to trial, during the

11    Court's Thursday law and motion calendar) at 10:00 a.m. in Courtroom B, 15th Floor of the Federal

12    Building, located at 450 Golden Gate Avenue, San Francisco, California.

13

14    J.    Exchange and filing of Trial Papers:

15    1.    By _____ (60 days before trial) lead counsel who will try the case shall meet and confer

16    with respect to the preparation and content of the joint pretrial conference statement and shall

17    exchange (but not file or lodge) the papers described in paragraph 2 below.

18    2.    By _____ ( 45 days before trial) counsel shall file the papers described in Federal Rule

19    of Civil Procedure 26(a)(3) and a joint pretrial conference statement including the following:

20    (A) Substance of the Action: A brief description of the substance of claims and defenses which remain

21    to be decided.

22    (B) Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all elements of

23    damages claimed as well as witnesses, documents or other evidentiary material to be presented

24    concerning the amount of damages.

25    (C) Undisputed Facts: A plain and concise statement of all relevant facts not reasonably disputable, as

26    well as which facts parties will stipulate for incorporation into the trial record without the necessity of

27    supporting testimony or exhibits.

28    (D) Disputed Factual Issues: A plain and concise statement of all disputed factual issues which remain

1    to be decided.

2    (E) Agreed Statement: A statement assessing whether all or part of the action may be presented upon

3    an agreed statement of facts.

4    (F) Stipulations: A statement of stipulations requested or proposed for pretrial or trial purposes.

5    (G) Witness list: A list of all witnesses to be called for trial. The parties shall submit a page-length

6    detailed summary of the substance of the proposed testimony of each witness, which shall also specify

7    to which disputed fact the testimony relates and an estimate of the time required for direct and cross

8    examination of each prospective witness.

9    (H) Exhibit list: A list of all exhibits to be offered at trial. The exhibit list shall list each proposed exhibit

10    by its number or alphabetical letter, description and sponsoring witness. All documents shall be

11    authenticated prior to trial.

12    (I) Estimated Time of Trial: An estimate of the number of hours needed for the presentation of each

13    party's case.

14    (J) Settlement: A statement summarizing the status of the parties' settlement negotiations.

15    **No party shall be permitted to offer any witness or exhibit in its case in chief that is      not**

16    **disclosed in its witness or exhibit list without leave of the Court for good cause  shown.**

17    3.    Motions *in limine*: Counsel are directed to meet and confer to resolve any evidentiary

18    disputes prior to filing  motions *in limine*.  Any motions *in limine* shall be filed _____ (45

19    days prior to trial).  Any Opposition to motions *in limine* shall be filed _____ (38 days prior

20    to  trial).  These matters will be deemed submitted on the papers without oral argument, unless the

21    Court orders otherwise.

22    4.    Trial Briefs: Counsel shall file trial briefs setting forth the applicable legal standard, pursuant to Ninth

23    Circuit authority, all significant disputed issues of law, including foreseeable procedural and evidentiary

24    issues by _____ (30 days prior to trial).

25    5.    Joint Proposed Voir Dire (Jury Trial Only): Counsel should submit a **joint** set of  requested voir dire

26    to be posed by the Court by _____ (30 days prior to trial).    Any voir dire questions on

27    which counsel cannot agree shall be submitted separately by _____ (30 days prior to trial).

28    Counsel will be allowed brief follow-up voir dire after the Court's questioning.

9

6.    Joint Proposed Jury Instructions (Jury Trial Only):  Jury instructions § 1.01 through § 2.02 and § 3.01

through § 3.15 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (1998 Edition)

will be given absent objection.  Counsel shall submit a **joint** set of additional proposed jury

instructions by _____ (30 days prior to trial). .  The instructions shall be ordered in a

logical sequence, together with a table of contents.  Any instruction on which counsel cannot agree

shall be marked as "disputed," and shall be included within the jointly submitted instructions and

accompanying table of contents, in the place where the party proposing the instruction believes it

should be given.  Argument and authority for and against each disputed instruction shall be included as

part of the joint submission, on separate sheets directly following the disputed instruction.  The Court

prefers that all jury instructions conform to the Manual of Model Civil Jury Instructions for the Ninth

Circuit.

If possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury

instructions on a computer disk in WordPerfect format.  The disk label shall include the name of the

parties, the case number and be entitled "Proposed Jury Instructions."

At the close of Defendant's case in chief, the Court shall hear oral argument on the disputed jury

instructions and will then render its rulings.

7.    Proposed Verdict Forms, Joint or Separate (Jury Trial Only): Counsel shall submit any **joint**

proposed verdict forms and shall submit their separate verdict forms by _____ (30 days prior

to trial).

Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed

verdict forms on a computer disk in WordPerfect.  The disk label shall include the name of the parties,

the case number and be entitled "Proposed Verdict Forms."

8.    Proposed Findings of Fact and Conclusions of Law (Court Trial Only):  Counsel shall submit **joint**

proposed findings of facts by _____ (30 days prior to trial).   Counsel shall submit

separately a copy of their disputed findings of fact and conclusions of law by _____ (30

days prior to trial).

Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed

findings of fact on a computer disk in WordPerfect.  The disk label shall include the name of the

1  parties, the case number and be entitled "Joint Proposed Findings of Facts."

2

3  K.  Pretrial Conference:

4  1.  On _____ (30 days prior to trial, during the Court's Thursday law and motion calendar

5  is held on Thursdays) the Court shall hold a pretrial conference at 10:00 a.m. in Courtroom B, 15th

6  Floor of the Federal Building, located at 450 Golden Gate Avenue, San Francisco, California.  Lead

7  counsel who will try the case must attend the pretrial conference.  The purpose of the pretrial

8  conference is for the Court to rule on any issues raised in the final pretrial conference statement,

9  motions *in limine*, and to discuss the trial of the case.

10

11  L.  Final Pretrial Conference:

12  1.  On _____ (4 days prior to trial, during the Court's Thursday law and motion calendar)

13  the Court shall hold a final pretrial conference to address any outstanding trial issues.

14

15  M.  Trial Date:

16  1.  The trial shall commence [with jury selection taking place] on _____ (Trial

17  schedule: Monday through Thursday, at 1:30 p.m. to 5:00 p.m.).  The trial shall last _____

18  days.

19  2.  For any documents, including the deposition of a witness testifying at trial, which will be shown

20  presented to a witness **but will not be admitted into evidence,** counsel shall bring the original plus

21  three clean copies of the documents. The original document will be handed to the Court during

22  testimony, and the clean copies of the document will be given to the witness during the examination

23  and to opposing counsel.

24  3.  Counsel shall maintain their own exhibits during trial.  Exhibits are to be premarked with exhibit tags

25  stapled to the upper lefthand corner.  If a photo or chart is being used as an exhibit, the exhibit tag

26  should be placed on the back side of the exhibit. **The Court will only admit premarked exhibits**

27  **which were listed on the earlier filed exhibit list.**

28  Plaintiff shall mark the exhibits numerically; Defendant shall mark the exhibits alphabetically.

1    The exhibit markers shall each contain the name and number of the case, the number or alphabetical

2    letter of the exhibit, and blank spaces to accommodate the date admitted and the Deputy Clerk's

3    initials.

4    4.    On the day of trial, counsel shall bring the original premarked exhibits, a copy of the premarked

5    exhibits for opposing counsel and two binders which contain a copy of each side's premarked exhibits

6    for the Court. **The premarked exhibit binders are to be designated with label dividers.** The

7    premarked exhibit binders will be given to the Courtroom Deputy on the morning of the trial.

8

9    N.    Jury Selection:

10    1.    The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select

11    their names at random and seat them in the courtroom in the order in which their names are called.

12    Voir dire will be asked of sufficient venire persons that eight (or more for a lengthy trial) will

13    remain after all peremptory challenges and an anticipated number of hardship dismissals and cause

14    challenges have been made.

15    The Court will then take cause challenges, and discuss hardship claims from the individual

16    jurors, at side bar. The Court will inform the attorneys which hardship claims and cause challenges

17    will be granted, but will not announce those dismissals until the process is completed. Each attorney

18    may then list in writing up to three peremptory challenges. The attorneys will review each other's lists

19    and then submit them to the clerk.

20    Then, from the list of jurors in numerical order, the Court will strike the persons with

21    meritorious hardships, those excused for cause, and those challenged peremptorily. The Court will

22    then call the first eight people in numerical sequence remaining. These people will be the jury. All

23    jurors remaining at the close of the case will deliberate. There are no alternates.

24

25    O.    Sanctions:

26    Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

27

28

12

1

2

3    P.    Transcripts:

4            Counsel who wants to receive a daily transcript shall contact Robert Stuart, Supervisor Court

5    Reporting Services, at (415) 522-2079, at least ten days in advance of the trial date.

6            If any video or tape recording equipment or demonstrative devices will be used, a signed

7    order will need to be obtained at least ten days in advance of the trial date for the items to clear

8    security.

9

10    Q.    Questions:

11           All questions regarding these instructions should be directed to Brenda Tolbert, Courtroom

12    Deputy Clerk to Judge James, at (415) 522-4708.

13

14    Date: _____        Plaintiff's Counsel      _____
                                                              Signature
15

16                                  Plaintiff's Counsel      _____
                                                                 Printed Name
17

18    Date: _____        Defendant's Counsel    _____
                                         Signature
19

20                                  Defendant's Counsel    _____
                                                                 Printed Name
21
           IT IS SO ORDERED.
22

23    Date: _____                                 _____
                                                           Maria-Elena James
24                                                         United States Magistrate Judge

25

26

27

28

13

1

2

3

**NOTICE OF TRIAL ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE AND
ORDER TO FILE CONSENT/REQUEST FOR REASSIGNMENT FORM**

4

5

6

7

8

9

This civil case was randomly assigned to United States Magistrate Judge Maria-Elena James for all

purposes including trial.  In accordance with Title 28, U.S.C. § 636(c), the Magistrate Judges of this District

Court are designated to conduct any and all proceedings in a civil case, including a jury or non-jury trial, and

to order the entry of final judgment, upon the consent of the parties.  An appeal from a judgment entered by

Magistrate Judge James may be taken directly to the United States Court of Appeals for the Ninth Circuit in

the same manner as an appeal from any other judgment of a district court.

10

11

12

13

You have the right to have your case assigned to a United States District Judge for trial and

disposition.  Attached is the form which allows you to either consent to, or decline Judge James' jurisdiction

and request reassignment to a District Judge.

14

15

16

Each party shall sign and file the consent/declination form, either consenting to Judge James'

jurisdiction, or requesting reassignment to a District Judge, no later than the filing deadline for the joint case

management statement assigned by the initial case management schedule.

17

IT IS SO ORDERED.

Date:    December 13, 2002                                    _____

18

19

Maria-Elena James
United States Magistrate Judge

20

21

22

23

24

25

26

27

28

1

2

3

4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

STANDING ORDER RE:      DISCOVERY AND DISPUTE PROCEDURES FOR CASES

6

ASSIGNED OR REFERRED TO MAGISTRATE JUDGE MARIA-ELENA JAMES

7

        In ALL CASES, except those categories of cases listed in Fed.R.Civ.P. 26(a)(1)(E),

8

assigned to Magistrate Judge Maria Elena James for trial or referred to Magistrate Judge Maria-Elena

9

James for purposes of discovery, the parties shall follow the following procedures:

10

11

Discovery & Disclosure Dispute Procedures:

12

        The Discovery and Disclosure Dispute Procedures inform a *pro se* party or counsel of the

13

specific procedures required by Judge James before filing a formal discovery motion, pursuant to Civil

14

L. R. 7, or when requesting a telephonic discovery conference, pursuant to Paragraphs 4 or 5 below.

15

Counsel and *pro se* parties are required to follow the Discovery and Disclosure Dispute Procedures

herein to resolve all discovery and disclosure disputes.

16

1.     Parties (or counsel) shall propound disclosures and discovery in accordance with the Fed. R.

17

Civ. P. 26, 30, 31, 32, 33, 34, 35 and 36 and the Civil L. R. 26, 30, 33, 34 and 36.  All requests for

18

protective orders must comply with Civil L. R. 79-5.  A copy of the Civil Local Rules for the

19

Northern District of California is available at the Office of the Clerk of the Court or are available for

20

public viewing at the Court's internet site - http://www.cand.uscourts.gov.  Pursuant to Fed. R. Civ.

21

P. 30(a)(2), no more than ten depositions may be taken except by order of the Court.   Pursuant to

22

Fed. R. Civ. P. 33(a) and Civil L.R. 33-3, no more than 25 interrogatories shall be propounded

23

except pursuant to stipulation or order of the Court.

24

2.     The parties shall meet and confer regarding their initial disclosures pursuant to Fed. R. Civ. P.

25

26(f) and shall make disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(E).  The parties shall

26

supplement their initial disclosures when required under Fed. R. Civ. P. 26(e)(1).

27

3.     Civil law and motion is heard on Thursday mornings at 10:00 a.m.  Motions to compel may

28

be noticed pursuant to Civil L. R. 7-2, without calling the Court.  However, before the Court will

1

2

3      consider a motion to compel a **joint** meet and conferral letter must be filed, as described in paragraph

4      4 below.

5      4.      Prior to filing any discovery motion under Civil L. R. 7, or before requesting a telephonic

        discovery conference, counsel must meet and confer **in person** for the purpose of resolving all
6
        disclosure and/or discovery disputes.  Thereafter, counsel shall draft and file a jointly signed letter
7
        which (1) attests that prior to filing the motion to compel the parties met and conferred **in person** on
8
        the unresolved discovery dispute; (2) sets forth the unresolved discovery dispute; and (3) states each
9
        party's position as supported by statutory and/or case law.  Said joint letter shall be signed by both
10
        parties, shall be limited to five pages and may not be accompanied by exhibits or affidavits other than
11
        exact copies of disputed interrogatories, requests for production of documents and/or responses.

12     5.      Generally, the Court will not consider a motion to compel.  Instead, the parties shall file a joint

13     meet and confer letter.  In the event that counsel was unable to meet and confer with opposing

14     counsel and/or party as directed above, counsel shall request in writing a telephonic discovery

15     conference for the purpose of enforcing the Court's requirement to meet and confer or for the Court

16     to fashion an alternative procedure which satisfies the meet and confer requirement.  Counsel's written

17     request shall state (1) three agreed upon prospective times and dates for the telephonic discovery

18     conference to take place, (2) the anticipated length of the telephonic discovery conference, and (3)

19     the phone numbers at which counsel shall be contacted on the day of the telephonic discovery

20     conference.  A copy of the written request shall be served on opposing counsel and/or party and

21     verification of said service shall be submitted to the Court.  Additionally, counsel shall file a declaration

22     which states the attempt and reasons for the failure to meet and confer.  Counsel may attach exhibits

23     to support the declaration, but the declaration and exhibits combined may not exceed seven pages.

        The Court will not excuse a party from the requisite meet and conferral unless good cause is shown.
24
        Counsel's refusal to meet and confer without good cause shown will result in sanctions, pursuant to
25
        Fed. R. Civ. P. 16(f) and Civil L. R. 37-3.
26
        6.      **In all "E-Filing" cases, when filing papers that require the Court to take any action**
27
        **(e.g. motions, meet and confer letters, administrative requests), the parties shall, in addition**
28
        **to filing papers electronically, lodge with chambers a printed copy of the papers by the close**

**of the next court day following the day the papers are filed electronically.  These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked "Magistrate Judge Maria-Elena James", case number and "E-Filing Chambers Copy."  Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.**

7.      Pursuant to Civil L. R. 37-1(b), in lieu of filing a formal motion, discovery conferences may be conducted telephonically.  Parties shall request a telephonic discovery conference in writing which shall include (1) the joint meet and confer letter, as set forth above, (2) three agreed upon prospective times and dates for the telephonic discovery conference to take place, (3) the anticipated length of the telephonic discovery conference, and (4) the telephone numbers at which the parties shall be contacted on the day of the telephonic discovery conference.  A copy of the written request shall be served on the opposing party or counsel and verification of said service shall be submitted to the Court.

        The parties shall not telephone the Court to arrange a telephonic discovery conference without first sending the Court a written request for the telephonic discovery conference. The Court will not consider a written request for a telephonic discovery conference which is not accompanied by said joint meet and confer letter.

        Upon approval, the Court shall contact the parties to inform them of the time and date of the telephonic discovery conference. Unless excused for good cause, the party requesting the telephonic discovery conference shall arrange the conference call on the date and time ordered by the Court.

8.      In the event that the parties are participating in a deposition or a site inspection and a discovery dispute arises regarding the deposition and/or site inspection, the parties may contact Judge James' Courtroom Deputy, Brenda Tolbert, at 415-522-4708, to inquire whether Judge James' is available to resolve the parties' impending dispute telephonically.  In the event that Judge James is not available or the parties are unable to contact Judge James' Courtroom Deputy for any reason, the parties shall follow the procedures set forth in paragraph 6 above.

9.      In the event that a matter is to be taken off calender, or continued to a further date, a written stipulation signed by the parties shall be submitted to the Court for approval; said stipulation must be

1

2

3    received by the Court at least five business days prior to the scheduled hearing date.

4    10.    Other than scheduling matters, pursuant to Civil L. R. 11-4(c), a party shall not contact the

5    Court *ex parte* without prior notice to opposing party.  All communications or questions to the Court

6    shall be presented to the Court in writing.  Parties must certify to the Court that all parties were faxed

7    or mailed a copy of the written communication. Unless expressly requested by the Court, documents

8    should not be faxed to chambers but should be filed or lodged in accordance with the Local Rules of

     Court.

9    11.    Parties shall not mail or fax to the Court copies of correspondence from a party regarding any

10   dispute pending before the Court.

11   12.    Parties have a continuing duty to supplement the initial disclosures when required under Fed.

12   R. Civ. P. 26(e)(1).

13   13.    Motions for sanctions shall be filed separately, pursuant to Fed. R. Civ. P. 37 and Civil L. R.

14   37-3.  Any party seeking an award of attorney's fees or other expenses in connection with a motion

15   shall file a declaration with the opposition or reply memorandum which itemizes with particularity the

16   fees and expenses claimed.

17        The failure of a party to abide by Judge James' Discovery and Disclosure Dispute Procedures

18   may result in sanctions, pursuant to Fed. R. Civ. P. 16(f).

19

20        IT IS SO ORDERED.

21   DATED: December 13, 2002

22
                                    _____
23                                  MARIA-ELENA JAMES
                                    United States Magistrate Judge
24

25

26

27

28